CANDICE L. FIELDS
CANDICE FIELDS LAW
520 Capitol Mall, Suite 750
Sacramento, CA 95814
Tel: (916)414-8050
Fax: (916)790-9450
Email: cfields@candicefieldslaw.com

Attorney for Defendant
Catherine Stuckey

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>      v.<br><br>CATHERINE STUCKEY,<br><br>            Defendant. | No.  2:20-CR-00044-JAM<br><br>**REQUEST TO SEAL DOCUMENTS** |

Counsel for Catherine Stuckey hereby requests that the following documents be filed under seal: defendant's Motion to Appoint Counsel, Financial Affidavit, And Supporting Declaration Of Candice L. Fields (collectively "Documents").

**<u>STATUTORY OR OTHER AUTHORITY FOR SEALING</u>**

The Court possesses inherent authority to exercise its discretion to seal documents and set appropriate limits upon access and files.  Local rule 141(a); *Nixon v. Warner Communications*, *Inc.,* 435 U.S. 589, 598 (1978); *Hagestad v. Tragesser*, 49 F.3d 1434 (9th Cir. 1995).  In determining whether to seal documents, the Court should consider the interests advanced by the parties in light of the public interest and the duty of the courts.  *See Nixon*, 435 U.S. at 602; *Hagestad*, 49 F.3d at 1434.

In the 2016 Ninth Circuit decision in The Center for Auto Safety v Chrysler Group, LLC, 809 F.3d 1092 (9th Cir. 2016), cert. den., ___ U.S. ___, 196 L. Ed. 2d 26 (2016), the Court held that the burden to seal documents from the judicial record turns on whether the filing is

"dispositive" versus "non-dispositive." In other words, if the filing is unrelated to the merits of the case (i.e., non-dispositive), the party must only meet a good cause standard for restricting the public's right to access the information. Conversely, if the filing is directly related to the merits of the case or is determinative of the litigant's substantive rights (i.e., dispositive), then a party must meet a higher burden of showing that compelling reasons exist to overcome the presumption of the public's right of access. Here, the defendant is seeking to seal a motion to appoint counsel and related documents. The Documents are unrelated to the merits of the criminal case, thereby, non-dispositive. The "good cause" standard applies to the Documents here and good cause exists to restrict the public's and parties' right to access the information contained therein.

First, the Documents contain attorney-client privileged communications. The attorney-client privilege protects confidential communications between attorneys and clients which are made for the purpose of giving legal advice. *See United States v. Sanmina Corp.*, 968 F.3d 1107, 1116 (9th Cir. 2020). The privilege encourages "full and frank communication between attorneys and their clients and thereby promotes broader public interests in the observance of law and administration of justice." *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981). Whether information is covered by the attorney-client privilege is determined by an eight-part test: (1) where legal advice of any kind is sought, (2) from a professional legal adviser in her capacity as such, (3) the communications relating to that purpose, (4) made in confidence, (5) by the client, (6) are at her instance permanently protected, (7) from disclosure by herself or by the legal adviser, (8) unless the protection be waived. *See United States v. Graf*, 610 F.3d 1148, 1156 (9th Cir. 2010). "If a person hires a lawyer for advice, there is a rebuttable presumption that the lawyer is hired 'as such' to give 'legal advice,' whether the subject of the advice is criminal or civil, business, tort, domestic relations, or anything else." *United States v. Chen*, 99 F.3d 1495, 1501 (9th Cir. 1996). Mr. Stuckey retained attorney Candice Fields to represent her in the instant federal criminal case to give legal advice. Discussions that occurred between the defendant and her attorney during the course of representation regarding work to be completed throughout the course of representation are disclosed in the Documents. Good cause therefore exists to restrict

access to prevent disclosure of attorney-client privileged information.

Second, the Documents contain privileged work-product. The work-product doctrine is a "qualified" privilege that protects "from discovery documents and tangible things prepared by a party or his representative in anticipation of litigation." *Admiral Ins. Co. v. U.S. Dist. Ct.*, 881 F.2d 1486, 1494 (9th Cir. 1989) (citing Fed. R. Civ. P. 26(b)(3)); *see also United States v. Nobles*, 422 U.S. 225, 237–38 (1975). "'At its core, the work-product doctrine shelters the mental processes of the attorney, providing a privileged area within which [s]he can analyze and prepare [her] client's case,' and protects both 'material prepared by agents for the attorney as well as those prepared by the attorney [herself].' *Noble*s, 422 U.S. at 238–39. The primary purpose of the work-product rule is to 'prevent exploitation of a party's efforts in preparing for litigation.' *Admiral Ins. Co.*, 881 F.2d at 1494." *United States v. Sanmina Corp.*, 968 F.3d 1107, 1119 (9th Cir. 2020). The plan for Ms. Stuckey's case was analyzed and prepared from its inception by her attorney. A discussion of the remaining tasks at-hand and issues related to efficiency and continuity of representation need to be privately disclosed for the Court's consideration of the bases for CJA appointment of her current attorney.

Third, the Documents include the defendant's Form CJA 23 Financial Affidavit and references thereto. Pursuant to CJA Guidelines § 210.40.20(e), "employees of law enforcement agencies or U.S. attorney offices should not seek to obtain information from a person requesting the appointment of counsel concerning the person's eligibility. Pursuant to §210.40.20(h), financial affidavits (such as Form CJA 23) seeking the appointment of counsel should not be included in the public case file and should not be made available to the public at the courthouse or via remote electronic access. If the financial affidavit is docketed, it should be filed under seal." Good cause to seal the Documents thereby exists on this independent ground.

## **DURATION OF SEALING REQUEST**

For these reasons, the defense respectfully requests that the Request to Seal Documents be granted and that the Documents remain under seal until further Order of the Court.

/ / /

**SERVICE OF REQUEST AND DOCUMENTS**

This request and proposed order, and the Documents covered by this request will be submitted without service upon any other party based upon the privileged, protected, and confidential nature of the information contained therein.

Dated: April 21, 2022

                                                                  Respectfully submitted,

                                                                  /s/ Candice L. Fields
                                                                  Attorney for Defendant
                                                                  CATHERINE STUCKEY